## No. 9107.

THE STATE EX REL. THE BOARD OF SCHOOL DIRECTORS OF THE PARISH OF ORLEANS, VS. EDWIN H. FAY, SUPERINTENDENT OF PUBLIC EDUCATION.

$\frac{36}{108} \frac{241}{394}$

Where a mistake has been made by the State Treasurer in announcing to the Superintendent of Public Education the amount of funds for apportionment among the educable children of the State, but before the apportionment could be cancelled the school directors of Orleans had received their quota under it, when the true sum has been ascertained and announced to the superintendent, and a revised apportionment is to be made, it is

proper that the superintendent should take into account, when apportioning to Orleans, the sum already improperly paid to her under the mistake, and which payment had been made in consequence of that mistake.

APPEAL from the Seventeenth District Court, Parish of East Baton Rouge. *Sherburn*, J.

*Chas. F. Buck, H. M. Favrot*, and *Favrot & Lanson*, for Plaintiffs and Appellants.

Defendant and Appellee unrepresented in this Court.

The opinion of the Court was delivered by

MANNING, J. This is a proceeding by mandamus coupled with an injunction, the object of which is to compel the defendant to apportion to the relators twenty-one per centum of the amount appropriated for the support of public schools throughout the State, and to prevent the payment of warrants drawn on that fund to the prejudice of their claim.

The allegations are that there are 290,036 educable children in the State, and that 61,456 of these are in Orleans parish, which entitles her to twenty-one per centum of this fund, and that it is the duty of the superintendent to apportion it quarterly on the first Monday in March and each quarter thereafter—that from the school revenues of 1882, up to February 12, 1883, the State Treasurer had reported to the superintendent for apportionment $32,410 25, and that on March 6th following the same officer reported the further sum of $15,000 for apportionment, and that Orleans parish is entitled to the above mentioned proportion of them, viz: $10,003 56—that no apportionment of the funds of 1882 had been made to the relators, but that the superintendent had issued to them in February, 1883, a certificate of apportionment of $1997 32 of the revenues of 1882, which they had refused to receive.

The brief of the plaintiffs (there is no appearance in this Court for the respondent) states that

"Mr. Fay assigns, in his answer and in his testimony, his reason for an unequal distribution of the school funds for the year 1882, to the advantage of the country parishes and to the prejudice of the parish of Orleans, which reason is, that some mistake had occurred by which the parish of Orleans had received more than its *pro rata* share of the funds appropriated for school purposes for the year 1881, and that he deemed it to be his duty to make up the losses thus sustained by the country parishes, by giving them appropriations from the school funds of 1882, sufficient in amount to accomplish that end. The letter addressed by E. A. Burke, State Treasurer, to the superintendent, dated 3d July,

State ex rel. Board of School Directors vs. Superintendent of Public Education.

1882, introduced in evidence by Mr. Fay, explains the whole matter, and shows that if the school board of the parish of Orleans at any time received more than it was entitled to, the amount so received was from the revenues of the year 1881."

An examination of the answer and testimony of the respondent exhibits his statement to be, that on June 16, 1882, there was subject to apportionment $65,015 47, and that he apportioned that sum to the several parishes, and the share of Orleans was $13,520 32, her full quota, which was paid to the relators June 27, 1882—that two or three days thereafter the treasurer reported to him a mistake had been made, and that the entire apportionment must be cancelled as there was not money in the treasury to pay it, and thereupon he sent circulars to all the country parishes with this information, and cancelled their apportionments. The information came too late for the same action on the Orleans apportionment. It had already been paid. No parish save Orleans received any part of that apportionment—that the $15,000 mentioned in the petition is not required to be apportioned until June (this suit was filed in March), and that he did not apportion to Orleans any part of the fund which he had for distribution in December, 1882, because all she was then entitled to did not amount to the sum she had already improperly received, as above detailed. That in February, 1883, he apportioned the sum then on hand so as to give to the country parishes what was withheld from them by the mistake recited already, and the quota of Orleans was $1997 32, the amount of the certificate which they rejected.

It would be an extraordinary state of things if a mistake, such as that committed here, could not be rectified by the officers, who made it. The discovery of it by the treasurer was not immediate, so that the relators who were on the alert got the money before the order to pay it could be countermanded, but no other parish received its apportionment because the cancellation was made in time to prevent any payment to them. If the warrant, improvidently issued under a mistake, had not been presented promptly by the relators, before the mistake was discovered, and before the cancellation of the apportionment, it would not have been paid, and Orleans would have been in the same situation as the other parishes. When these subsequent school revenues came in, the distribution or apportionment would have been then made proportionally to the educable children throughout the State, and Orleans would have then received her quota, and not till then.

That is exactly what she has received. She has received her proportional share, only she received a large part of it, in consequence of the mistake, sooner than she should have received it. She does not feel thankful for the early dole, but on the contrary is striving to take a full share of what remains away from her hungrier sisters. This is ungracious, and what is more to the purpose, is illegal. The lower judge so ruled and we affirm his judgment.